IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD L. HOOD, <br><br> Plaintiff, <br><br> vs. <br><br> MENARD TACTICAL TEAM, et al., <br><br> Defendants. | Case No. 05-cv-00214-JPG-DGW |

**Report and Recommendation**

Now before the Court is Plaintiff Richard L. Hood's Motion for Default Judgment[1] against defendant Warden McAdory ("Defendant" or "McAdory") (Doc. 22). For the following reasons, it is **RECOMMENDED** that Plaintiff's motion be **GRANTED.**

### FINDINGS OF FACT

On March 28, 2005, Plaintiff filed his complaint pursuant to 28 U.S.C. § 1983, in which he alleges that several defendants, including defendant McAdory, used excessive force on him while he was incarcerated at the Menard Correctional Center (Doc. 1). At the time Plaintiff filed his complaint, McAdory was the only defendant Plaintiff knew by name — the remaining defendants were members of the Menard Tactical Team and other employees working at Menard (Docs. 1, 6). On February 1, 2006, United States District Judge J. Phil Gilbert decided not to dismiss the remaining defendants from the lawsuit in part because defendant McAdory could likely help identify the

---

[1] In Plaintiff's motion, Plaintiff states he was unclear what he needed to say in his Motion for Default Judgment because he was unable to use the prison's law library before the Court's deadline for filing it. The Court will give liberal construction to Plaintiff's motion since Plaintiff is proceeding *pro se* and complied with the Court's May 30, 2008, deadline to file this motion. *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008). *See* Doc. 21.

remaining defendants (Doc. 6). In that same order, Judge Gilbert directed the United States Marshal to serve process on defendant McAdory.

McAdory was personally served on May 1, 2007 at the Department of Human Services Treatment & Detention Center in Rushville, Illinois. (Doc. 16). The summons directed him to answer Plaintiff's complaint within twenty days of service, or, as the Court's docket shows by May 21, 2007 (Doc. 16). McAdory never filed an answer. On March 26, 2008, Plaintiff moved for an entry of default against Defendant (Doc. 19). The Clerk responded by entering a default against McAdory on April 24, 2008. Plaintiff subsequently filed this pending motion, which was referred to the undersigned on October 7, 2008.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 55(a) states that if a party fails to plead or otherwise defend as provided by Federal Rules of Civil Procedure, the Clerk shall enter a default against the party. Rule 55(b)(2) authorizes a court's entry of default judgment against the party upon application by the Plaintiff after the entry of default. Thus, Federal Rule of Civil Procedure 55 creates a two-step process by which the clerk first *enters* default, and then, if appropriate, the Court will enter default judgment against a party. Fed. R. Civ. P. 55; *See Lowe v. McGraw-Hill Cos., Inc.,* 361 F.3d 335, 339 (7th Cir. 2004).

"Determination of [a] motion for default judgment hinges on whether process was properly served." *Hartford Fire Insurance Co. v. Perinovic,* 152 F.R.D. 128, 130 (N.D. Ill. 1993). Federal Rule of Civil Procedure 4(e) states that service may be effectuated by "delivering a copy of the summons and of the complaint to the individually personally . . . ." Fed. R. Civ. P 4(e)(2)(A).

The Court's docket states that on May 1, 2007, a Deputy United States Marshal personally served defendant McAdory with process at the Department of Human Services Treatment & Detention Center in Rushville, Illinois. *See* Doc. 16. Consistent with the Federal Rules of Civil Procedure, the summons directed McAdory to answer Plaintiff's complaint no later than 20 days after he was served. *Id.* On May 8, 2007, the Court received and docketed the return of service that was signed by the Deputy United States Marshall. *Id.* The Court therefore finds that Defendant McAdory was properly served. *See O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993) (holding "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.")

Although the Seventh Circuit favors trial on the merits of a case over a default judgment, and sees default judgment as a "weapon of last resort," it has held that default judgment is appropriate where "a party wilfully disregards pending litigation." *Sun v. Bd. of Trustees of Univ. of Ill.,* 473 F.3d 799, 811 (7th Cir. 2007). It is now approximately two years after Defendant was served, and Defendant still has not answered Plaintiff's complaint or moved to set aside the Clerk's entry of default. Taking into consideration that service was properly made and that nearly two years have passed without a word to the Court from Defendant, the Court finds that Defendant McAdory has wilfully disregarded the pending litigation. Therefore, the undersigned recommends that default judgment be entered against him after the Court holds a hearing to determine the extent of Plaintiff's damages. Fed. R. Civ. P. 55(b)(2).

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion For Default Judgment (Doc. 22) be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1, the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).


**DATED: March 31, 2008**  s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**