UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD L. HOOD,

    Plaintiff,

v.

MENARD TACTICAL TEAM, *et al.*,

    Defendants.

Case No. 05-cv-214-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on the May 21, 2009, order to show cause issued by Magistrate Judge Wilkerson (Doc. 25). Hood has responded to the order to show cause (Doc. 26). In his order, Judge Wilkerson noted that plaintiff Richard L. Hood has not identified any of the unknown defendants since he filed this case in March 2005 and ordered him to show cause on or before June 5, 2009, why Hood's claims against the unknown defendants should not be dismissed for failure to prosecute. Judge Wilkerson also noted that, after Hood was granted *in forma pauperis* status in February 2006, the Court assisted him in finding defendant McAdory's address and gave him a reasonable opportunity – from February 2006 to May 2009 – to amend his complaint to name the unknown defendants and to provide the identities of the unknown defendants to the U.S. Marshal Service so a deputy marshal could serve the summons and complaint. Hood has yet to identify any of the unknown defendants.

    In the meantime, process was served on the lone named defendant, McAdory. McAdory failed to respond in a timely manner, and default was entered against him. The Court reserved ruling on the amount of a default judgment so long as there were other claims pending in the case.

I.      **Unknown Defendants**

The Court believes that, since Hood obviously wants to pursue his case against the unknown defendants but has simply been unable to do so, dismissal of Hood's claims against the unknown defendants for failure to serve under Federal Rule of Civil Procedure 4(m) is more appropriate than dismissal for failure to prosecute under Rule 41(b). Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). This rule requires a court to grant an extension if the plaintiff shows good cause, but leaves it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Judge Wilkerson's order to show cause provided sufficient notice to Hood that his case was in danger of being dismissed if he was unable to identify the unknown defendants. Hood claims he could not identify them because McAdory never appeared in the case to participate in discovery. While this is unfortunate for Hood, it does not amount to good cause or excusable neglect. Furthermore, it appears unlikely that, after having tried unsuccessfully for four years to identify the defendants, any further extensions of time would be fruitful. The Court will dismiss Hood's claims against the unknown defendants without prejudice for failure to serve pursuant to Rule 4(m).

II.     **McAdory**

The amount of the default judgment against McAdory has not yet been determined due to

the existence of the claims against the unknown defendants. However, since those claims have been resolved, it is time to determine the amount of damages, if any. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court will refer this matter to Judge Wilkerson for a hearing to determine the amount of damages, if any, for which McAdory is liable and a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B). The Court will leave to Judge Wilkerson the decision whether to appoint counsel for the hearing.

### III. Conclusion

For the foregoing reasons, the Court:

- **DISMISSES without prejudice** Hood's claims against the unidentified defendants;

- **REFERS** this matter to Judge Wilkerson pursuant to Rule 55(b)(2) and 28 U.S.C. § 636(b)(1)(B) for a hearing to determine the amount of damages, if any, for which McAdory is liable and a Report and Recommendation; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: June 23, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
