IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD L. HOOD, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case Number: 05-cv-00214-JPG-DGW |
| MENARD TACTICAL TEAM, EUGENE MCADORY | ) ) ) ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant Eugene McAdory's Motion for Relief from Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c) and Defendant's Motion for Leave to file a Motion to Dismiss (Docs. 31, 32). For the reasons stated below, it is recommended that both motions be **DENIED.**

### FINDINGS OF FACT

In this lawsuit brought under 28 U.S.C. §1983, McAdory, a former employee of the Illinois Department of Corrections ("IDOC"), is one of several defendants plaintiff sued for constitutional violations he alleges occurred while he was incarcerated at Menard Correctional Center. The executed summons shows that on April 12, 2007, the United States Marshal called and spoke to McAdory who advised him that he could be served at the Rushville Treatment & Detention Facility ("Rushville Facility"), where he has worked since May of 2006 (Doc. 16). On May 1, 2007, the United States Marshal served McAdory with process at the Rushville Facility (Doc. 6). Process consisted of plaintiff's complaint, the summons, and Judge Gilbert's order in which he preliminary reviewed plaintiff's case under 28 U.S.C. §1915A ("threshold order") (Doc. 6). The threshold order specifically

1

directs McAdory to answer plaintiff's complaint and states he "shall not waive filing a reply pursuant to 42 U.S.C. §1997e(g). *Id.* McAdory was therefore required to answer or otherwise respond to plaintiff's complaint by May 21, 2007; however, he failed to do so. *See* Doc. 16. Consequently, plaintiff filed a motion for entry of default, and on April 24, 2008, the Clerk entered default against McAdory (Docs. 19, 20). Plaintiff then moved for entry of default judgment, and, on March 31, 2009, the undersigned issued a report and recommendation recommending that default judgment be entered against McAdory (Docs. 22, 23). On April 1, 2009, the undersigned specifically directed the Clerk to send that report and recommendation to McAdory at the Rushville Facility. McAdory did not file any objections to that report and recommendation. Consequently, Judge Gilbert adopted the report and recommendation but declined to enter judgment until the undersigned held a hearing on the amount of damages, if any, plaintiff would receive as a result of McAdory's default (Doc. 24). On August 18, 2009, the undersigned accordingly set a hearing to determine plaintiff's damages, and, once again, directed the Clerk to mail the order about the hearing to McAdory at the Rushville Facility (Doc. 29). After he received this order, McAdory apparently contacted the IDOC and, on September 2, 2009, defendant filed the pending motion for relief from entry of default and an accompanying motion for leave to file a motion to dismiss (Docs. 31, 32). The Court canceled the damages hearing pending the resolution of these motions.

To support his motion to set aside the entry of default, McAdory argues his actions triggering the default were due to "excusable neglect" and that he would not have "deliberately ignored" his obligation to answer plaintiff's complaint (Doc. 31-1, p. 7). Specifically, he maintains that he has been sued at least 118 times since 2000, and it was his practice to rely on the prison's litigation coordinators to obtain representation from the Illinois Attorney General's office for him (Doc. 31-1, Exhibits A, C). In this case, he acknowledges that he was served at the Rushville Facility but "can only assume he believed"

that the litigation coordinators at Menard had obtained representation for him (Doc. 31-1, Exhibit C). McAdory's motion does not mention the report and recommendation this Court mailed to him on April 1, 2009, which addressed plaintiff's motion for entry of default judgment.  McAdory further argues the entry of default should be vacated because he tried to remedy the default quickly after he received the notice about the damages hearing,  he has a meritorious defense, and the Prison Litigation Reform Act ("PLRA") precludes a default judgment in this case. *See* **42 U.S.C.§ 1997(e)(g).**

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 55(c) permits courts to "set aside an entry of default for good cause . . . ." **Fed. R. Civ. P. 55(c).**  A party seeking an order under this provision must show "(1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.,* **559 F.3d 625, 630-31 (7th Cir. 2009)** (*citing Pretzel & Stouffer v. Imperial Adjusters, Inc.,* **28 F.3d 42, 45 (7th Cir. 1994)**); *Sun v. The Board of Trustees of the University of Illinois,* **473 F.3d 799, 809-810 (7th Cir. 2007).**  Federal Rule of Civil Procedure 6(b)(1)(B) states "[w]hen an act may or must be done within a specified time, the "court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." **Fed. R. Civ. P. 6(b)(1)(B).**

A party's failure to respond to a summons and complaint "through inadvertence" may be "good cause" for vacating the entry of default; however, a court must be satisfied that the defaulting party did not willfully ignore the lawsuit. *Cracco,* **559 F.3d at 631;** *Davis, III v. Hutchins,* **321 F.3d 641, 646 (7th Cir. 2003).** Ignoring filing deadlines and failing to "exercise even a minimum level of diligence" is evidence that the defaulting party deliberately chose not to defend the lawsuit and does not satisfy Rule 55 (c)'s "good cause" requirement. *Davis,* **321 F.3d at 646;** *Pretzel,* **28 F.3d at 45;** *Chrysler Credit Corp. v. Macino,* **710 F.3d 363, 367 (7**[th] **Cir. 1983).**  When several months have passed between the

entry of default and "*any action*" from the defaulting party, a court does not abuse its discretion by refusing to set the entry of judgment aside. *See Merrill Lynch Mortgage Corp.,* **908 F.3d 246, 252-53 (7th Cir. 1990) (emphasis added).**

McAdory has failed to show there was good cause for his default. He knew a month prior to service that he would be served, and he was personally served on May 1, 2007 (Doc. 16). On April 24, 2008 — almost a year after he was served — the Clerk entered an entry of default against McAdory. On April 1, 2009, at the undersigned's direction, the Clerk of Court mailed McAdory a report and recommendation recommending that default judgment be entered against him (Doc. 23). McAdory, however, still did not respond. It was not until September of 2009 when an attorney from the IDOC entered her appearance on McAdory's behalf, which was after the Clerk sent McAdory an order about the damages hearing (Docs. 29, 30).

McAdory admits the court documents show he was served at the Rushville Facility, but he failed to make any effort to respond to plaintiff's complaint himself, or to even contact the IDOC litigation coordinator to ensure that his answer would be filed. These omissions could arguably be described as a "willful" decision to ignore plaintiff's complaint. *See Davis, III v. Hutchins,* **321 F.3d 641, 646 (7th Cir. 2003) ("district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly.")** At a minimum, his decision to do nothing for over two years and to assume that a IDOC litigation coordinator would obtain representation for him when he no longer worked for the department was careless and falls short of establishing good cause to vacate the entry of default. *Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.,* **925 F.2d 226, 229 (7th Cir. 1991) ("careless reliance . . . is no less than a deliberate and willful abdication of [the party's] legal responsibility to protect its own interests in the litigation.")** *See Pretzel & Stouffer v. Imperial Adjusters, Inc.,* **28 F.3d 42, 45 (7th Cir. 1994)**

4

("Maintaining communication during the course of litigation is the responsibility of both attorneys and their clients.  Mere lack of communication does not excuse compliance with the rules, or from the penalties for failing to do so.")  *See also Connecticut Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883, 884-85 (7th Cir. 1990) (busy schedules and employee changes are considered "routine back-office problems" and are not "good cause").  *See Chrysler,* 710 F.2d at 367 (finding a party's decision to file its answer two months after it was due showed the "litigation was not handled with due diligence.")  Finally, McAdory's decision not to contact his attorney before September of 2009 makes his "task of showing good cause more difficult," especially since he has been sued several times and knew the correct procedure to follow. *See Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994) (party's access to legal counsel during the period in question cuts against argument that good cause for the default).

Since McAdory failed to demonstrate "good cause" for his default, the Court could choose to end its analysis. *Pretzel,* 28 F.3d at 46 (party "failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate [the default] . . . .") However, the Court additionally rejects McAdory's other arguments set forth above.  McAdory failed to take  "quick action" to remedy the default. Even if plaintiff did not send his motion for entry of default and his motion for entry of default judgment to McAdory, the undersigned specifically directed the Clerk to send its report and recommendation regarding plaintiff's motion for default judgment to McAdory at the Rushville Facility, and McAdory chose not to file any objections.  Although McAdory filed the pending motion to vacate the entry of default soon after he received the order setting the damages hearing, McAdory should have acted at least five months earlier to remedy the default once he received the undersigned's report and recommendation in April of 2009. *See Jones,* 39 F.3d at 165 (holding a party's decision to act "*five weeks*" after receiving notice about his default is not "quick action.")

The court documents show McAdory accepted a phone call and service of process at the Rushville Facility, and he received the undersigned's order about the damages hearing at the Rushville Facility. The Court consequently has no reason to believe that McAdory did not receive its report and recommendation regarding plaintiff's motion for default judgment in April of 2009.

McAdory's final two arguments — that he has a meritorious defense and that the PLRA precludes the Court from entering default judgment —  similarly does not justify a recommendation that vacates its entry of default.  McAdory argues plaintiff's allegation is McAdory made fun of him (Doc. 31). He maintains this amounts to "verbal harassment," which does not violate the Constitution.  *Id.* While this argument may be relevant during the damages hearing, McAdory's meritorious defense does not eradicate McAdory's failure to show good cause for his default.  *See Pretzel,* **28 F.3d at 46 (noting party "failed to clear the first hurdle when it did not show good cause for the default.  This would have been sufficient basis to refuse to vacate [the party's default], even if it had a meritorious defense.") (citations omitted);** *Jones,* **39 F.3d at 165 ("even if [party] had a meritorious defense, her failure to demonstrate good cause for her default and quick action to rectify the default is sufficient to deny her motion . . . .")**  McAdory's final argument is the PLRA prohibits this Court from entering default judgment in this case because the statute states McAdory was not required to answer plaintiff's complaint.  The PLRA reads, in pertinent part:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility.  Nothwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.  No relief shall be granted to the plaintiff unless a reply has been filed.  *The Court may require any defendant to reply to a complaint* if it finds that plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §1997e (g)(1)(2) (emphasis added).  As noted above, the U.S. Marshal served plaintiff's complaint along with Judge Gilbert's threshold order on defendant McAdory (Doc. 6).  The threshold

order directs McAdory "to timely file an appropriate responsive pleading to the complaint" and states that McAdory "shall not waive filing a reply pursuant to 42 US.C. §1997e(g)" (Doc. 6).  Consequently, McAdory cannot rely on the PLRA to avoid the entry of default because the Court specifically ordered McAdory to respond to plaintiff's complaint.  42 U.S.C. §1997e(g)(2).  ***See also, Vinning v. Wallks, 2009 WL 839052, *1 n.2 (S.D. Ill. Mar. 31, 2009) (default against defendant was proper because the Court exercised its authority under 42 U.S.C. §1997e(g)(2) by directing the defendant to file a reply to plaintiff's complaint, and the defendant "disregarded that direct [o]rder").***

For the foregoing reasons, it is recommended that Defendant Eugene McAdory's motion for relief from entry of default and his motion for leave to file a motion to dismiss (Docs. 31, 32) be **DENIED.**

**IT IS SO ORDERED.**

Dated:  March 18, 2010


*Donald G. Wilkerson*
**Donald G. Wilkerson**
**United States Magistrate Judge**