UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD L. HOOD,

    Plaintiff,

v.

MENARD TACTICAL TEAM, et al.,

    Defendants.

Case No. 05-cv-214-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 36) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny defendant Eugene McAdory's motion for relief from entry of default (Doc. 31) and motion for leave to file a motion to dismiss (Doc. 32).

**I.**      **Report and Recommendation Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.**     **The Report**

The Report noted that the Court may set aside an entry of default if the defaulted party shows "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 630-31 (7th Cir. 2009) (quotations omitted). The Report finds that McAdory did not show good cause for his default.

He was served with process in May 2007, defaulted in April 2008, and sent a copy of a report and recommendation recommending default judgment in April 2009, yet he did not take action to vacate the default until September 2009, after a hearing on the default judgment amount was set.  McAdory admits that he did not respond to the complaint himself or check with the Illinois Department of Corrections ("IDOC") litigation department to ensure it was obtaining representation for him, as it had in numerous other cases filed against him in his capacity as an IDOC employee.

The Report further found McAdory did not take quick action to correct the default.  At the latest, he was made aware of the entry of default when the Court sent him the report and recommendation regarding default judgment in April 2009.  However, he did not contact IDOC's litigation coordinator for five more months.

The Report further found that McAdory's defense to Hood's claim would be relevant during the damages hearing but would not justify setting aside the default where McAdory had failed to meet the first two requirements for relief from default.

Finally, the Report disposed of McAdory's argument that he was not required to respond to Hood's complaint by noting that the Court explicitly instructed him to respond pursuant to 42 U.S.C. § 1997e(g)(2).

### III.     Objections

In McAdory's objection to the Report (Doc. 38), he challenges the Court's authority to enter default against a party even where the Court explicitly directs the party to answer pursuant to 42 U.S.C. § 1997e(g)(2).  Further, McAdory argues essentially that since prisoner litigation against IDOC officials are handled by IDOC's legal coordinator, those officials should be excused from basic procedural requirements such as answering a complaint when ordered to do

so.

### IV. Analysis

The Court has carefully reviewed the relevant documents and issues *de novo* and has determined that, for the reasons stated in the Report, the Report's conclusion is correct. McAdory was aware in May 2007 that Hood had filed a lawsuit against him and that the Court had ordered him to respond to the complaint.[1] At that time, he had an obligation to verify that IDOC's litigation coordinator would arrange for legal counsel to represent him even though he no longer worked for IDOC, to retain his own counsel or to proceed *pro se*. He did none of these things and instead ignored the Court's order directing him to respond. Nearly two years after that, in April 2009, the Court sent McAdory – at the address he provided to the Court for service – a report and recommendation referencing an entry of default. It still took him five more months to do what he should have done in the first place – contact the IDOC litigation coordinator to secure counsel. This is neither good cause nor quick action. Therefore, setting aside the default is not warranted.

McAdory argues that the Prison Litigation Reform Act's statement, "No relief shall be granted to the plaintiff unless a reply has been filed," 42 U.S.C. § 1997e(g)(1), precludes entry of default or default judgment against a defendant in a case like the one at bar. He provides no cases supporting his position, and the Court believes his interpretation of the statute is in error. That provision is included in the paragraph that allows a defendant to waive his right to respond to the complaint without admitting the allegations of the complaint. However, that right is

---

[1] In a footnote, McAdory suggests he was never informed of the Court's order directing him to answer Hood's complaint. That suggestion is belied by the direction in that order for the Marshal's Service to serve the order on McAdory along with the summons and complaint.

negated by the following paragraph, which allows the Court to require a defendant to reply to the complaint.  *See* 42 U.S.C. § 1997e(g)(2).  The structure of subsection (g) indicates that the bar on default applies only where the defendant has chosen to waive his right to reply, not where the Court has ordered a reply and the defendant has ignored that order.

As for McAdory's concerns that he will be liable for the acts of others, the Court reminds him that the damages determination will turn on the injury *caused by McAdory's actions* or the actions for which McAdory was responsible, not by those of others.  Thus, the issue will be how much damage was caused, if any, by McAdory's conduct as alleged in the complaint and admitted by his default, which is likely to be minimal.

**V.  Conclusion**

For these reasons, the Court **ADOPTS** the Report in its entirety (Doc. 36) and **DENIES** McAdory's motion for relief from entry of default (Doc. 31) and motion for leave to file a motion to dismiss (Doc. 32).  The Court further **DENIES** McAdory's motion for leave to file an answer *instanter* (Doc. 40) in light of the entry of default which remains in place after this order.

**IT IS SO ORDERED.**
**DATED:  April 1, 2010**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**