UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD L. HOOD,

    Plaintiff,

v.

MENARD TACTICAL TEAM, et al.,

    Defendants.

Case No. 05-cv-214-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. On August 3, 2010, Magistrate Judge Donald G. Wilkerson denied plaintiff Richard L. Hood's motion to disqualify him from this case (Doc. 63). On August 18, 2010, Hood filed a document entitled "Motion to Appeal Denial of Pro Se Motion For Different Judge To Preside over Damages Hearing" (Doc. 64) in which he states he moves "for an appeal to the District Court Judge then the Court of Appeals if the District Court judge denies it." Despite the clear request for an immediate appeal to the District Court and only a conditional appeal to the Court of Appeals, the filing was docketed as a notice of appeal to the Court of Appeals.

This was in error. Hood's motion does not satisfy the requirements of Federal Rule of Appellate Procedure 3(c)(1)(C) for an appeal to the Court of Appeals because it does not name the Court of Appeals as "the court to which the appeal is taken." Instead, the immediate appeal was directed to this Court as an appeal pursuant to 28 U.S.C. § 636(b)(1)(A) of a magistrate judge's nondispositive order. Lending weight to this interpretation is the fact that the order from which Hood appeals *is* directly appealable to this Court but is *not* directly appealable to the Court of Appeals on an interlocutory basis. It can be reviewed only on appeal from the final

judgment. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981) (order denying motion to disqualify judge not appealable prior to resolution of the merits of the case).

For these reasons, the Court **DIRECTS** the Clerk of Court to docket Hood's August 18, 2010, filing (Doc. 64) as an appeal from a magistrate judge's order and to send a copy of this order to the United States Court of Appeals for the Seventh Circuit for their consideration in connection with Appeal No. 10-2950..

One final note about jurisdiction is in order. Ordinarily, an appeal to the Court of Appeals "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However, a deficient notice of appeal does not divest the district court of jurisdiction. *Gilda Indus. Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). Where it is clear to the district court that a notice of appeal is deficient because it is untimely, lacks essential recitals, or seeks review of a non-appealable order, the district court may disregard the notice of appeal. *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)). As noted above, Hood's notice is deficient. Furthermore, Hood's filing was not, in fact, a notice of appeal to the Court of Appeals and was simply misdocketed as such. For these reasons, the Court has jurisdiction to enter the instant order.

**IT IS SO ORDERED.**
**DATED:  August 26, 2010**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U. S. DISTRICT JUDGE**