UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD L. HOOD,

    Plaintiff,

v.

MENARD TACTICAL TEAM, et al.,

    Defendants.

Case No. 05-cv-214-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Richard L. Hood's appeal (Doc. 67) of Magistrate Judge Donald G. Wilkerson's August 3, 2010 order (Doc. 63) denying Hood's motion to disqualify Judge Wilkerson from this case (Doc. 62).

    A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Wilkerson's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

    Magistrate Judge Wilkerson denied Hood's request for disqualification, finding that recusal was not required under 28 U.S.C. § 144 because of actual bias or prejudice. Hood disagrees with Magistrate Judge Wilkerson's decision and faults him for ruling on the motion requesting his own recusal.

    It was perfectly proper for Magistrate Judge Wilkerson to consider the motion to recuse himself from this case. "The initial decision whether or not to adjudicate a case rests with the individual judge assigned to it." 12 James Wm. Moore et al., *Moore's Federal Practice* § 63.60[1][a].

Furthermore, Magistrate Judge Wilkerson was correct to find that there was no evidence of his bias or partiality from an extra-judicial source, which is required before a judge must recuse himself for actual bias or prejudice. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (§ 455(b)); *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (§ 144).

For this reason, the Court **AFFIRMS** Magistrate Judge Wilkerson's order (Doc. 63) and **REJECTS** Hood's objection (Doc. 62). Hood is reminded that if he wishes to appeal the Court's ruling as to the disqualification issue to the Court of Appeals, he may do so by filing a notice of appeal <u>after entry of final judgment</u>. The Court will <u>not</u> construe Hood's appeal of Magistrate Judge Wilkerson's order (Doc. 67) as a notice of appeal to the Court of Appeals.

**IT IS SO ORDERED.**
**DATED: September 14, 2010**

                                                <u>s/ J. Phil Gilbert</u>
                                                **J. PHIL GILBERT**
                                                **U. S. DISTRICT JUDGE**