IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD L. HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05-cv-00214-JPG-DGW |
| ) | |
| MENARD TACTICAL TEAM, et al. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

The issue before the Court to determine the amount of damages, if any, for which Defendant Eugene McAdory is liable following the Court's entry of default judgment against him on May 5, 2009 (Doc. 24). For the reasons set forth below, it is **RECOMMENDED** that the Court assess no damages against Defendant Eugene McAdory.

## FINDINGS OF FACT

On March 28, 2005, Plaintiff Richard L. Hood ("Hood") brought this action pursuant to 28 U.S.C. § 1983 alleging that several defendants, including Eugene McAdory ("McAdory"), used excessive force on him and failed to provide adequate medical care to him while he was incarcerated at the Menard Correctional Center (Doc. 1). After McAdory failed to enter an appearance in the case, the Clerk entered default against him on April 24, 2008 (Doc. 19). Pursuant to Federal Rule 55(b)(2), the Court entered default judgment against McAdory on May 5, 2009 (Doc. 24). On June 23, 2009, the Court referred this matter to the undersigned for a hearing pursuant to Federal Rule 55(b)(2) to determine the amount of damages, if any, for which McAdory is liable (Doc. 27). The damages hearing was held on June 17, 2010 (Doc. 60).

## CONCLUSIONS OF LAW

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff must still establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Even when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *Id.; see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983)(finding that the entry of default judgment is within the trial court's discretion). Instead, the court must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from affidavits or other documentary evidence. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

In his complaint, Hood alleges that several unnamed Tactical Team members at Menard Correctional Center used excessive force in extracting him from his cell on March 28, 2003 (Doc. 1). Hood allegedly sustained injuries to his head, nose and body, and states that he was not given proper medical attention for his injuries. *Id.* Hood does not allege that McAdory either participated in, or was present during the alleged assault by the Tactical Team. Instead, Hood contends that, while he was receiving stitches, "Warden McAdory stood watching making rude jokes about my big nose which was all the bigger because it was broken," and that "McAdory made the remark that it was ironic that the nurses were helping me after I had assaulted a nurse and it should have been the nurses that kicked my ass" (Doc. 1).

These factual allegations are deemed true because a default judgment was entered against McAdory. *See Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ("When a default judgment is

2

entered, facts alleged in the complaint may not be contested."). Indeed, at the damages hearing, the parties agreed that, based on the complaint, there are two allegations against McAdory for which Hood seeks damages: The first allegation is that McAdory made rude jokes about Hood's nose while Hood was receiving stitches (Doc. 60). The second is that McAdory made a remark that it was ironic that the nurses were helping Hood after he had previously assaulted a nurse. *Id.*

A default judgment, while establishing that the defendant is liable to the plaintiff as to each cause of action alleged in the complaint, does not prevent the defendant from challenging the sufficiency of the complaint. *Black*, 22 F.3d at 1399. Here, McAdory challenges the sufficiency of the Complaint by arguing that his remarks do not rise to a constitutional violation (Doc. 56). McAdory, moreover, alleges that the only possible damages that Hood could receive are for physical injuries, none of which are attributable to McAdory (Doc. 56). In response, Hood contends that McAdory's remarks encouraged the Tactical Team to assault him and encouraged medical personnel to provide poor treatment for his physical injuries (Doc. 60).

It is well established in the Seventh Circuit that verbal harassment does not constitute a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Accordingly, the two remarks that McAdory made to Hood, standing alone, do not amount to a constitutional violation that would entitle Hood to damages.

In addition, a defendant being sued in his individual capacity under Section 1983 can be held liable only for his own wrongdoing and cannot be held liable for the unconstitutional actions of others. *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985); *see also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)(to be held liable for the deprivation of a

3

constitutional right, a defendant must be "personally liable for the deprivation"). A defendant can be held personally responsible if she "acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Here, there is no allegation that McAdory was present or participated in the alleged assault by the Tactical Team or that McAdory was one the individuals who provided Hood with the medical care, which Hood claims was inadequate. Moreover, Hood has alleged no facts indicating that McAdory directed the alleged assault by the Tactical Team or that he directed medical personnel to provide an allegedly inadequate level of medical care. Accordingly, McAdory cannot be held liable for physical injuries resulting from the alleged attack, nor can he be held liable for any claimed deficiency in medical care. Therefore, the undersigned recommends that McAdory not be found liable for any damages.

## CONCLUSION

For the reasons set forth above, it is **RECOMMNEDED** that the Court assess no damages against Defendant Eugene McAdory.

DATED:  December 13, 2010

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**